1 SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
2 bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
3 jared@ sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
4 Telephone: (951) 293-4187; Fax: (888) 819-8230

5 Attorneys for Plaintiff, SUSAN H. FINES

## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| SUSAN H. FINES, an individual, | Case No.: '15CV1885 W   WVG |
|---|---|
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | 1. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,** |
| SPECIALIZED LOAN SERVICING, LLC; EQUIFAX INFORMATION SERVICES, LLC, | 2. **FEDERAL FAIR CREDIT REPORTING ACT,** |
| Defendants. | 3. **CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, SUSAN FINES, an individual, by and through her attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter "EQUIFAX"), for failing to conduct a reasonable investigation into Plaintiff's disputes of the

misinformation upon her consumer credit report, failing to delete inaccurate information thereupon, and failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of the Plaintiff's consumer credit report, all violations of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRAA"); and the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA").

2. Plaintiff also brings this action to challenge the unlawful actions of Defendant SPECIALIZED LOAN SERVICING, LLC (hereinafter "SLS") for contacting Plaintiff directly in an attempt to collect a debt after having been placed on written notice of her representation by counsel, in violation of the State of California Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788, et seq.), as well as for furnishing information to the consumer credit reporting agency EQUIFAX that it knew or should have known was not accurate in violation of the California CCRAA, and for failing to conduct a reasonable investigation into Plaintiff's dispute over the inaccurate information in violation of the Federal FCRA.

## JURISDICTION & VENUE

3. This action arises out of Defendant EQUIFAX and SLS' violations of the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p.

4. The U.S. District Court has supplemental jurisdiction over Plaintiff's causes of action for the State of California CCRAA and the California Rosenthal Act, pursuant to

1   28 U.S.C. § 1367(a).

2       5.      Defendant EQUIFAX regularly conducts business within the State of

3   California by collecting personal information related to every adult resident of the State

4   of California and providing that information to various business entities within the State

5   of California, and therefore personal jurisdiction is established.

6       6.      Defendant SLS regularly conducts business within the State of California

7   by directly contacting residents of the State of California through the use of U.S. mail

8   and telephone in an attempt to collect upon debts for which Defendant SLS is servicing

9   on behalf of the original creditor, and therefore personal jurisdiction is established

10      7.      Because all tortious conduct occurred while Plaintiff resided in the County

11  of San Diego, venue properly lies in this court.

12                          **PARTIES & DEFINITIONS**

13      8.      Plaintiff is a natural person whose permanent residence is in the County of

14  San Diego, State of California.

15      9.      Defendant EQUIFAX is physically located at 1550 Peachtree Street NW,

16  H46, in the City of Atlanta, State of Georgia, but regularly does business in the State of

17  California as identified above.

18      10.     Defendant SLS is physically located at 8472 Lucent Blvd., Suite 300, in

19  the City of Highlands Ranch, State of Colorado, but regularly does business in the State

20  of California as identified above.

21      11.     Plaintiff is a natural person, and is therefore a "consumer" as that term is

defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15 U.S.C. § 1681a(c) of the Federal FCRA.

12.     The causes of action herein partially pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

13.     The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

14.     Defendant EQUIFAX is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the

California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15.     Defendant SLS is FURNISHER DEFINTIONS....

16.     ROSENTHAL DEFINITIONS....

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF'S ROSENTHAL ACT VIOLATIONS

17.     Plaintiff was alleged to owe to Defendant a home equity line of credit in the amount of approximately $56,500.00.

18.     Plaintiff utilized the line of credit in her everyday life for daily life expenses.

19.     Plaintiff ultimately was discharged from any obligation to owe this alleged debt by the bankruptcy court Trustee on or before February 2015, with this alleged debt owed to Defendant being discharged as an unsecured debt.

20.     By letter dated May 13, 2015, Plaintiff's bankruptcy attorney—DJ Rausa—as an agent on behalf of Plaintiff, delivered a letter to Defendant clearly informing Defendant of Mr. Rausa's office representing Plaintiff upon Account Number 1004272259.

21.     Said letter instructed Defendant to not contact Plaintiff directly and to only

1    direct all communications regarding the matter to Mr. Rausa's office.

2         22.    Mr. Rausa's letter contained the required information as provided by Calif.

3    Civ. Code § 1788.14 of the Rosenthal Act, in that it clearly contained the name,

4    address, telephone number, and email address for Mr. Rausa.

5         23.    By letter dated May 19, 2015, Defendant acknowledged to Mr. Rausa it

6    had received information that Mr. Rausa's office was representing Plaintiff.

7         24.    Unfortunately, however, by letter dated May 30, 2015, Defendant

8    contacted Plaintiff directly at her home address in the City of Escondido and claimed

9    that Plaintiff owed them a current balance of $60,595.02 upon the home equity line of

10   credit and the payment of $6,821.94 was due by 6/20/15.

11        25.    This letter also contains in bold the ominous statement, "Your loan is past

12   due."

13        26.    Plaintiff is informed and believes that Defendant SLS' violations were

14   willful, as they acknowledged receiving Mr. Rausa's representation letter prior to

15   sending the letter directly to Plaintiff in an attempt to collect upon the account.

16        27.    At all times during the aforementioned actions, there was in full force and

17   effect the following obligation pertaining to pursuant to Calif. Civil Code § 1788.14 of

18   the Rosenthal Act:

19            No debt collector shall collect or attempt to collect a consumer debt
              by means of the following practices:
20            …
              Initiating communications, other than statements of account, with
21            the debtor with regard to the consumer debt, when the debt

collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

### FACTUAL ALLEGATIONS RELATING TO
### PLAINTIFF'S CONSUMER CREDIT REPORTING VIOLATIONS

28.    Even though Plaintiff's obligation upon the alleged debt was discharged as an unsecured debt by the bankruptcy court Trustee, Plaintiff discovered that her July 2015 consumer credit report provided by Defendant EQUIFAX showed that Defendant SLS had reported her as having an amount past due of $1,854.00 on the alleged debt.

29.    However, this is not accurate because the entire amount was discharged in Chapter 13 bankruptcy.

30.    By letter dated July 31, 2015, Plaintiff furnished to Defendant EQUIFAX a written letter clearly identifying this inaccuracy and specifically requested a re-investigation into the dispute.

31.    The U.S. Post Office tracking information shows that Defendant EQUIFAX received Plaintiff's written dispute on August 4, 2015.

32.    Unfortunately, however, Plaintiff received a written response from Defendant EQUIFAX dated August 12, 2015 informing her of the following, "This creditor has verified to OUR company that the balance is being reported correctly."

7

**Complaint for Damages**

33.     Despite Plaintiff's July 31, 2015 dispute letter clearly informing Defendant EQUIFAX that the amount past due of $1,854.00 was not accurate due to the bankruptcy discharge, Defendant EQUIFAX's August 12, 2015 response shows that the amount past due of $1,854.00 was remaining on her consumer credit report and that the information had been updated as of August 1, 2015.

34.     The FTC guidelines state that credit reports can include debts discharged in bankruptcy so long as they're reported as discharged with a zero balance. 16 C.F.R. 600 app. § 607(b)(6).

35.     By reporting that Plaintiff has an amount past due of $1,854.00 on the alleged debt that was discharged through bankruptcy, Defendants have violated their obligations under the California CCRAA and the Federal FCRA.

36.     The updated reporting also fails to indicate that Plaintiff disputes the information reported.

37.     Plaintiff is informed and believes that Defendant EQUIFAX's violations were willful, since she clearly identified the fact that she was disputing the amount past due.

38.     Plaintiff is informed and believes that Defendant SLS' violations were willful, as they participated in the bankruptcy proceedings and therefore knew that the entire debt had been discharged as an unsecured debt and that Plaintiff therefore did not have any balance due upon the account in July and August of 2015.

39.     As a result, Plaintiff has suffered mental anguish and emotional distress by

way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over the thought not even a bankruptcy nor her following the legal procedures for a dispute can fix the inaccurate reporting upon her consumer credit report.

40.     At all times during the aforementioned actions, there was in full force and effect the following obligations to Defendant SLS pertaining to the furnisher of information to credit reporting agencies, pursuant to Calif. Civ. Code § 1785.25 of the California CCRAA:

(a) A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

41.     At all times during the aforementioned actions, there was in full force and effect the following obligations to Defendant SLS pertaining to the furnisher of information to credit reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b):

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 15 USCS § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 15 USCS § 1681i(a)(2);

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain

9
**Complaint for Damages**

files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

    (i)      modify      that      item      of      information;

    (ii)      delete      that      item      of      information;      or

    (iii) permanently block the reporting of that item of information.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 15 USCS § 1681i(a)(1) within which the consumer reporting agency is required to complete actions required by that section regarding that information.

42.    At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant EQUIFAX, pursuant to Calif. Civ. Code § 1785.16 of the California CCRA (emphasis added):

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, ***the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user***, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit

**Complaint for Damages**

1

2
reporting agency receives notice of dispute under this section, the
agency shall notify any person who provided information in
dispute at the address and in the manner specified by the person. A
consumer credit reporting agency may require that disputes by
consumers be in writing.

3

4
(b) In conducting that reinvestigation ***the consumer credit reporting
agency shall review and consider all relevant information
submitted by the consumer with respect to the disputed item of
information***. If the consumer credit reporting agency determines
that the dispute is frivolous or irrelevant, it shall notify the
consumer by mail or, if authorized by the consumer for that
purpose, by any other means available to the consumer credit
reporting agency, within five business days after that determination
is made that it is terminating its reinvestigation of the item of
information. In this notification, the consumer credit reporting
agency shall state the specific reasons why it has determined that
the consumer's dispute is frivolous or irrelevant. ***If the disputed
item of information is found to be inaccurate, missing, or can no
longer be verified by the evidence submitted, the consumer credit
reporting agency shall promptly add, correct, or delete that
information from the consumer's file***.

5

6

7

8

9

10

11

12

13
43.    At all times during the aforementioned actions, there was in full force and

14
effect the following obligation pertaining to Defendant EQUIFAX, pursuant to 15

15
U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA (emphasis added):

16
(a)(1)(A) In general. Subject to subsection (f), if the completeness or
accuracy of any item of information contained in a consumer's file at a
consumer reporting agency is disputed by the consumer and the consumer
notifies the agency directly, or indirectly through a reseller, of such
dispute, ***the agency shall, free of charge, conduct a reasonable
reinvestigation to determine whether the disputed information is
inaccurate and record the current status of the disputed information, or
delete the item from the file in accordance with paragraph (5), before
the end of the 30-day period beginning on the date on which the agency
receives the notice of the dispute from the consumer or reseller***.

17

18

19

20

21

**Complaint for Damages**

(a)(5)(A) In general. ***If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall***—

(i) ***promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation***; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

44.   At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant EQUIFAX, pursuant to 15 U.S.C. § 1681e(a) & (b) of the Federal FCRA (emphasis added):

(a) Identity and purposes of credit users. ***Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USCS § 1681c]*** and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USCS § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USCS § 1681b].

(b) Accuracy of report. ***Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates***.

**Complaint for Damages**

**FIRST CAUSE OF ACTION AS TO DEFENDANT EQUIFAX**
**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**Calif. Civ. Code § 1785.16**

45.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

46.    As the credit reporting agency, Defendant EQUIFAX has always been required to comply with California Civil Code § 1785.16(a)-(b) of the California CCRA.

47.    Plaintiff is informed and believes that Defendant EQUIFAX violated California Civil Code § 1785.16(a)-(b) of the California CCRA after she lodged a written dispute with them in August 2015 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute, failed to notate that the account was in dispute by Plaintiff, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting since Defendant's August 2015 response to Plaintiff's dispute have maintained the very inaccurate information about which Plaintiff complained.

48.    Plaintiff is informed and believes that Defendant EQUIFAX's violations were willful, since she clearly identified the fact that she was disputing the amount past due.

49.    As a result, Plaintiff has suffered mental anguish and emotional distress by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over

1   the thought not even a bankruptcy nor her following the legal procedures for a dispute

2   can fix the inaccurate reporting upon her consumer credit report.

3   **SECOND CAUSE OF ACTION AS TO DEFENDANT EQUIFAX**
    **FEDERAL FAIR CREDIT REPORTING ACT**

4   **15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A); and 1681e(a), (b)**

5   50.   Plaintiff repeats, re-alleges, and incorporates by reference all other

6   paragraphs, as if fully set forth herein.

7   51.   As the credit reporting agencies, Defendant EQUIFAX has always been

8   required to comply with 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) and 1681e(a) & (b) of

9   the Federal FCRA.

10  52.   Plaintiff is informed and believes that Defendant EQUIFAX violated 15

11  U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) of the Federal FCRA after she lodged a written

12  dispute with them in August 2015 by failing to conduct a reasonable investigation into

13  the accuracy of the information being disputed by Plaintiff, failed to correct or delete

14  the information, failed to consider all relevant information supplied by Plaintiff in her

15  dispute, failed to notate that the account was in dispute by Plaintiff, and failed to

16  employ and follow reasonable procedures to prevent such inaccurate reporting since

17  Defendant's August 2015 response to Plaintiff's dispute have maintained the very

18  inaccurate information about which Plaintiff complained.

19  53.   Plaintiff is informed and believes that Defendant EQUIFAX violated 15

20  U.S.C. §§ 1681e(a) & (b) of the Federal FCRA by maintaining the very inaccurate

21  information about which Plaintiff complained.

54.   Plaintiff is informed and believes that Defendant EQUIFAX's violations were willful, since she clearly identified the fact that she was disputing the amount past due.

55.   As a result, Plaintiff has suffered mental anguish and emotional distress by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over the thought not even a bankruptcy nor her following the legal procedures for a dispute can fix the inaccurate reporting upon her consumer credit report.

## THIRD CAUSE OF ACTION AS TO DEFENDANT SLS
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.25(a)

56.   Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

57.   As the furnisher of information to credit reporting agencies, Defendant SLS is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

58.   Because Defendant SLS reported to the consumer credit reporting agency EQUIFAX the false information that Plaintiff has an amount past due upon the account, despite the fact that the account was discharged as an unsecured debt through bankruptcy, Defendant has thereby violated its obligations under Calif. Civ. Code § 1785.25(a).

**Complaint for Damages**

59.     Defendant also failed to comply with its agreement to report the account as "in dispute", as required by *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1163-1164, after her dispute in August 2015.

60.     Even if Defendant's derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

61.     Plaintiff is informed and believes that Defendant SLS' violation as described above was knowing and willful because Defendant SLS participated in the bankruptcy proceedings and as a result clearly knew that there was no balance due upon the discharged account.

62.     As a result, Plaintiff has suffered mental anguish and emotional distress by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over the thought not even a bankruptcy nor her following the legal procedures for a dispute can fix the inaccurate reporting upon her consumer credit report.

## FOURTH CAUSE OF ACTION AS TO DEFENDANT SLS
### FEDERAL FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)

63.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

64.     As the furnisher of information to credit reporting agencies, Defendant SLS is and always was obligated to take the following steps upon receiving notice of a

**Complaint for Damages**

dispute by a credit reporting agency by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the Federal FCRA:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

65.     Plaintiff is informed and believes that that Defendant SLS was notified by Defendant EQUIFAX that Plaintiff had disputed the inaccurate information upon her credit report in August of 2015, because Plaintiff was informed by Defendant EQUIFAX that her dispute to Defendant EQUIFAX resulted in them contacting Defendant SLS to inquire as to the accuracy of the information.

66.     Defendant SLS failed to conduct a reasonable investigation into her written dispute to Defendant EQUIFAX, failed to correct or delete the inaccurate information,

**Complaint for Damages**

failed to consider all relevant information supplied by Plaintiff in her disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reportings—as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(E)—because her dispute failed to result in the inaccurate "amount past due" being deleted and failed to result in Defendant providing accurate information.

67.   Defendant has also failed to update the derogatory tradeline with the notation that the tradeline is "in dispute", as required by 15 U.S.C. § 1681s-2(b)(1)(A) and *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1163-1164, after her dispute in August 2015.

68.   Plaintiff is informed and believes that Defendant's violations above were willful, because Plaintiff has provided very detailed information as to how the derogatory item is not accurate and because Defendant participated in the bankruptcy proceedings and therefore knew that there should be no balance due.

69.   As a result, Plaintiff has suffered mental anguish and emotional distress by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over the thought not even a bankruptcy nor her following the legal procedures for a dispute can fix the inaccurate reporting upon her consumer credit report.

## FIFTH CAUSE OF ACTION AS TO DEFENDANT SLS ONLY
### CALIFORNIA ROSENTHAL ACT
### CALIF. CIV. CODE §1788.14

70.   Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

71.     By sending a letter directly to Plaintiff personally dated May 30, 2015 that attempted to collect what Defendant alleged to be an outstanding balance with an amount due by 6/20/2015, after Defendant clearly being informed by Plaintiff's bankruptcy attorney that she was represented by his office on this account and the attorney attorney's letter clearly contained the attorney's office name, address, email, and phone number, and also included the request that Defendant not contact Plaintiff directly and that all communication should be directed to his office, Defendant therefore violated the Rosenthal Act via Calif. Civil Code § 1788.14(c).

72.     Plaintiff is informed and believes that Defendant's violations above were willful, because Defendant had even sent a letter to Plaintiff's attorney dated May 19, 2015 acknowledging receiving information that his office was representing Plaintiff on this matter.

73.     As a result, Plaintiff has suffered mental anguish and emotional distress by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over the thought not even her bankruptcy attorney's representation letter could cause Defendant to cease its abuse of her.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants individually, and Plaintiff be awarded damages as follows:

1.     Actual damages, as will be proven at trial,

2.     Any actual damages as will be proven at trial, plus punitive damages as

1 | awarded by relevant statutes for willful violations;

2 |     3.    Injunctive relief to remove the inaccurate derogatory credit reporting

3 | information;

4 |     4.    Any reasonable attorney's fees and costs to maintain the instant action.

5 | **TRIAL BY JURY**

6 |     Pursuant to the Seventh Amendment to the Constitution of the United States of

7 | America, Plaintiff is entitled to, and demands, a trial by jury.

8 |     SEMNAR & HARTMAN, LLP

9 | DATED: 8/20/2015        /s/ Jared M. Hartman, Esq.

10 |         JARED M. HARTMAN, ESQ.
        Attorney for Plaintiff, John Risser

**Complaint for Damages**